## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**MICHAEL OTIS ROBERTSON**                                        **PLAINTIFF**
**ADC #136346**

**V.**                        **NO. 4:25-cv-00036-LPR-ERE**

**ADAM CLARK and**
**JAMESHA MADDEN**                                        **DEFENDANTS**

### <u>ORDER</u>

*Pro se* plaintiff Michael Otis Robertson has filed a motion for summary judgment in this case. *Doc. 49*. For the following reasons, Mr. Robertson's motion is denied.

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

Here, although Mr. Robertson argues that he fully exhausted his

administrative remedies before filing this lawsuit, he fails to provide any evidence showing that there is no genuine dispute as to any material fact such that he is entitled to judgment as a matter of law as to any of his pending claims. Mr. Robertson also fails to provide a brief in support of his motion or a statement of undisputed facts, both of which are required by this Court's Local Rules. See Local Rules 7.2 (a) and 56.1.

In addition, Mr. Robertson's motion is premature. At this time, the parties have not had an opportunity to engage in discovery. See *Jackson v. Reibold,* 815 F.3d 1114, 1121 (8th Cir. 2016) ("The general rule is that summary judgment is appropriate 'only after the nonmovant has had adequate time for discovery.'").[1]  All merits-based discovery is stayed until the Court has ruled on any motion for summary judgment raising the issue of exhaustion. Once the discovery stay is lifted, Mr. Robertson may engage in discovery by sending discovery requests to counsel for Defendants.

IT IS THEREFORE ORDERED THAT Mr. Robertson's motion for summary judgment (*Doc. 49*) is DENIED.

---

[1] Defendants currently have until June 30, 2025, to file a motion for summary judgment raising the issue of exhaustion. *Doc. 40.*

SO ORDERED 5 May 2025.

_____
UNITED STATES MAGISTRATE JUDGE