IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL OTIS ROBERTSON**                                      **PLAINTIFF**
**ADC #136346**

V.                           NO. 4:25-cv-00036-LPR-ERE

**ADAM CLARK and**
**JAMESHA MADDEN**                                              **DEFENDANTS**

## ORDER

Defendants have filed a motion for summary judgment, a brief in support, and a statement of undisputed facts arguing that *pro se* plaintiff Michael Otis Robertson failed to exhaust his administrative remedies against them before filing this lawsuit. *Docs. 62, 63, 64*. In addition, Mr. Robertson has moved for the Court to compel Defendants to provide him certain video footage and photographs. *Doc. 65*. I will address the issues raised by these filings separately.

1.  **Defendants' Motion for Summary Judgment**

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that Mr. Robertson's response should include his legal arguments, as well as affidavits,[1]

---

[1] Any affidavit submitted must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746, by including the following statement before the date and signature: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Additionally, the affidavit must be based upon the personal knowledge of the person

prison records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

In addition, pursuant to Local Rule 56.1,[2] Mr. Robertson must separately file a "separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried." Mr. Robertson's statement of disputed facts must state whether he "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in Defendants' statement of undisputed facts. *Doc. 64*. If Mr. Robertson disagrees with any of the facts in Defendants' statement of undisputed facts, he must: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; and (3) include a citation to the evidence he is relying on to support his version of the disputed fact.

If Mr. Robertson relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Mr. Robertson's factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th

---

executing the affidavit. The Court may not consider an affidavit unless it meets these requirements.

[2] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

Defendants' motion for summary judgment concerns only whether Mr. Robertson fully and properly exhausted the grievance process with regard to his pending claims *before* filing this lawsuit. As a result, Mr. Robertson's response to the motion should focus on that issue.

**2.    Motion to Compel**

In his motion to compel, Mr. Robertson requests that the Court order Defendants to provide him access to certain video footage and photographs relevant to the claims raised in this lawsuit. *Doc. 65*. However, at this time, all merits-based discovery is stayed pending the resolution of any exhaustion issues. *Doc. 40*. In addition, Mr. Robertson's motion fails to include a statement that he attempted to resolve the discovery dispute *before* seeking Court intervention, which is required by this Court's Local Rules. See Local Rule 7.2 (g).

IT IS THEREFORE ORDERED THAT:

1.    Mr. Robertson has until **August 4, 2025**, to file: (1) a response to Defendants' motion for summary judgment on the issue of exhaustion; and (2) a separate statement of disputed facts. As to any filing, Mr. Robertson should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2.  Mr. Robertson is advised that the failure to timely and properly file a response and statement of disputed facts may result in: (1) all of the facts in Defendants' statement of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of Mr. Robertson's claims, without prejudice, pursuant to Local Rule 5.5(c)(2).

3.  Mr. Robertson's motion to compel (*Doc. 65*) is DENIED.

SO ORDERED 17 July 2025.

_____
UNITED STATES MAGISTRATE JUDGE